IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

SHELTON SHERROD MARZETTE,          )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    No. 16-2498-JDT-tmp
                                   )
LINCOLN NATIONAL LIFE              )
INSURANCE COMPANY,                 )
                                   )
    Defendant.                     )
_____

### REPORT AND RECOMMENDATION
_____

Before the court is the Motion for Default Judgment filed by *pro se* plaintiff Shelton Sherrod Marzette on August 8, 2016. (ECF No. 11.) Defendant Lincoln National Life Insurance Company responded in opposition on August 17, 2016. (ECF No. 16.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons set forth below, it is recommended that plaintiff's motion be denied.

In his motion, plaintiff seeks the entry of a judgment by default against the defendant pursuant to Federal Rule of Civil Procedure 55(b)(1).[1] (ECF No. 11.) In support, the plaintiff

---

[1] The court notes two procedural defects with plaintiff's motion. First, the plaintiff moves the court for entry of default *judgment* pursuant to subsection (b) of Rule 55 without having first obtained entry of default by the Clerk pursuant to subsection (a). Entry of

appends to the motion an affidavit, signed by Marzette, setting forth the following relevant allegations: (a) the complaint in this case was filed on June 23, 2016, (b) service of process was had on the defendant on June 23, 2016, and (c) 21 days had elapsed since service without the defendant pleading or otherwise defending. (ECF No. 11-1.) In response, the defendant provides a different timeline. The defendant claims that it was served by certified mail on July 18, 2016, which meant its response was originally due by August 8, 2016. (ECF No. 16 at 1.) On August 4, 2016, defendant moved for an extension of time to respond to the complaint, which the court granted, extending the time to answer through August 22, 2016. (Id.) Finally, defendant filed its answer to the complaint on August 10, 2016. (Id. at 2.)

Upon review of the evidence presented and the entire record in this case, the court credits the defendant's timeline over Marzette's affidavit. The plaintiff was notified on June 24, 2016, upon order of the court granting plaintiff leave to proceed *in forma pauperis*, that "[p]ursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the court will conduct a screening of the complaint to determine whether or not summons should be issued by

---

default by the Clerk is a necessary prerequisite to entry of default *judgment* by either the Clerk or the court. See, e.g., Reed-Bey v. Pramstaller, 607 F. App'x 445, 449 (6th Cir. 2015). Second, the plaintiff requests entry of default judgment by the court pursuant to Rule 55(b)(1), which governs entry of default judgment by the Clerk. A proper motion before the court would be pursuant to Rule 55(b)(2). Even so, as a matter of judicial efficiency, the court recommends construing the *pro se* motion liberally and denying it on substantive, rather than procedural,

the Clerk." (ECF No. 5 at 3.) It was not until June 27, 2016, that the court ordered that process be issued and service be effected. (ECF No. 6.) Summons as to Lincoln National Life Insurance Company, 8801 Indian Hills Drive, Omaha, Nebraska 68114-4066, was issued by the Clerk and delivered for service to the United States Marshal in Memphis on June 28, 2016. (ECF No. 7.) Therefore, plaintiff's assertion that defendant was served on June 23, 2016, is not accurate.

A default pursuant to Rule 55 is to be entered by the Clerk when a defendant has failed to timely plead or otherwise defend the case. Pursuant to Rule 12, the defendant's pleading or defense is timely if served "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Here, the defendant timely moved for (ECF No. 9) and was granted (ECF No. 10) an extension within this initial 21 day period. See Fed. R. Civ. P. 6(b). Subsequently, the defendant's answer was filed within the extended time granted. (See ECF No. 12.) For these reasons, there is no basis in this case for an entry of default, and it is recommended that plaintiff's Motion for Default Judgment be denied.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 19, 2016
Date

---

grounds. As discussed herein, there is no basis in this case for an entry of default or default judgment pursuant to Rule 55.

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**